## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BARBARA MACHOWICZ, individually and** | ) | |
| **on behalf of all others similarly situated** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:14-cv-1394** |
| **v.** | ) | |
| | ) | |
| **KASPERSKY LAB, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>NOTICE OF REMOVAL</u>

1.       Defendant, Kaspersky Lab, Inc. ("KLI"), removes to this Court the state court action described below:

2.       Plaintiff filed a lawsuit on January 27, 2014, in the Circuit Court of Cook County, Illinois, entitled *Barbara Machowicz, et al. v. Kaspersky Lab, Inc.*, No. 2014-CH-01525.  The suit, a putative nationwide class action, asserted three causes of action based on allegations that (i) KLI offers a free piece of software called the Kaspersky Security Scan ("KSS"), that users may download from the Internet to detect malware, software vulnerabilities and other non-malware security problems and (ii) KLI offers three pieces of paid security software, namely Kaspersky Anti-Virus ("KAV"), Kaspersky Internet Security ("KIS"), and Pure (collectively, "Kaspersky's software"), which may be utilized to correct any vulnerabilities detected by the KSS software.

3.       The Plaintiff's first claim is for violation of the Illinois Consumer Fraud and Deceptive Practices Act, which allows for recovery of attorney's fees and punitive damages.  *See* 815 ILCS 505/10a(a) and (c).  The second claim is for Fraudulent Inducement under Illinois law,

and specifically requests that punitive damages be awarded. The third cause of action is for Unjust Enrichment under Illinois law.

4.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are all pleadings filed in the record of the state court proceeding.

5.     The Class Action Fairness Act of 2005 ("CAFA") applies to actions "commenced on or after" its effective date of February 18, 2005. 28 U.S.C. § 1332 (Historical Note). This case was filed after the date the CAFA took effect.

6.     This action is a civil action that may be removed to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) and (b). This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), as amended by the CAFA, because it is a class action in which (a) the number of putative class members exceeds 100; (b) the matter in controversy exceeds the sum or value of $5,000,000 when the claims of the individual class members are aggregated, exclusive of interest and costs; and (c) at least one member of the class is a citizen of a State different from that of any defendant.

7.     KLI was served with a copy of the Complaint on January 28, 2014. *See* attached Exhibit B. This Notice of Removal is filed within thirty days of KLI receiving a copy of the Complaint, in compliance with 28 U.S.C. § 1446(b).

## I.     DIVERSITY EXISTS UNDER SECTION 1332

8.     KLI is a Massachusetts corporation with its principal place of business in Massachusetts and therefore is a citizen of the State of Massachusetts for diversity purposes. 28 U.S.C. § 1332(c)(1); Affidavit of Angelo Gentile ("Gentile Aff.," attached hereto as Exhibit C), ¶ 4.

9.      The named Plaintiff in this putative class action is a citizen of the State of Illinois.

Complaint, ¶ 4.

## II.      THERE ARE MORE THAN 100 PUTATIVE CLASS MEMBERS

10.      Plaintiff seeks to certify a nationwide class comprising "[a]ll individuals and

entities in the United States that purchased any of Kaspersky's software after using KSS."

Complaint, ¶ 47.

11.      KSS was first released for public download and installation in May of 2012.

Gentile Aff., ¶ 7. Since that time there have been over 400,000 unique installations of the KSS

software on individual computer systems in the United States. Gentile Aff., ¶ 8. While it is not

possible at this early stage to determine with precision how many people and companies that

used KSS later purchased "any of Kaspersky's software," KLI estimates that there have been

since May 2012 no less than 37,000 purchases of KAV, KIS, and Pure from customers who had

at some point previously installed KSS on their computer systems. *Id.*, ¶ 8 & Exh. A. Thus, by

KLI's estimation the putative class potentially comprises well more than 100 members.

## III.      THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

12.      To confer subject matter jurisdiction on the court based on diversity of citizenship

in a class action, the amount in controversy must exceed the sum or value of $5,000,000,

exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

13.      The statute does not make federal jurisdiction depend on how much the plaintiff is

sure to recover. The question is what amount is "in controversy." *Spivey v. Vertrue, Inc.*, 528

F.3d 982, 985-86 (7th Cir. 2008) (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446,

448 (7th Cir. 2005)). In order to determine what amount is in controversy, it is necessary to look

to what the plaintiff is claiming, *i.e.,* what the plaintiff is alleging in the Complaint (*see id.*) not what Plaintiff will recover.[1]

14.     While it is the proponent of federal jurisdiction that bears the burden of describing how the controversy exceeds $5 million, this is a pleading requirement, not a demand for proof. *Spivey*, 528 F.3d at 986.  The removing party need not "confess liability in order to show that the controversy exceeds the threshold." *Id.* (quoting *Brill*, 427 F. 3d at 449).  Rather, "the removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands . . . The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." *Id.* (internal quotations and citations omitted).

15.     In addition, where, as here, a plaintiff pleads a claim and requests attorney's fees and punitive damages, those elements of damages must be reckoned into the amount in controversy. *See, e.g., Del Vecchio v. Conseco, Inc.,* 230 F.3d 974, 978 (7th Cir. 2000).

16.     Once "the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011).

17.     Plaintiff's definition of its putative class is designed to be as broad as possible and includes any U.S. person or entity that purchased a Kaspersky product after having used the free KSS software.

18.     As explained previously, the KSS software was used over 400,000 times, and at this early stage there is no way to precisely determine how many of the unique installations of

---

[1] KLI denies any liability and intends to vigorously defend the claims.

KSS represent a person or entity who used KSS and then subsequently went on to purchase either KAV, KIS, or Pure. KLI, however, estimates that there have been since May 2012 approximately 37,000 purchases of KAV, KIS, and Pure from customers who had at some point previously installed KSS on their computer systems. Gentile Aff., ¶ 8 & Exh. A.

19. For each of the three claims in its Complaint, the Plaintiff seeks actual monetary damages for each putative class member in the amount paid for any Kaspersky software product. Plaintiff alleges that amount to be "generally between $49.95 and $59.95." Complaint, ¶¶ 62 & 7l. *See also id*., ¶ 77 (asking for disgorgement of "all amounts unjustly received and retained by Defendant"). KLI estimates that the average unit of KAV, KIS or Pure retails for anywhere between $48.24 and $71.76, depending on when and where the customer purchased the product, and what possible rebates may have been available to the customer. Gentile Aff., ¶ 9.

20. Based on these facts, and given the breadth of Plaintiff's putative class definition, KLI concludes that the amount in controversy exceeds the $5 million dollar jurisdictional minimum required by the CAFA.

21. First of all, multiplying the approximately 37,000 purchases of KAV, KIS, and Pure that KLI estimates are implicated in this lawsuit, by the average price of those products as set forth in Exhibit A to the Gentile Aff., KLI estimates that the actual damages in controversy are approximately $2.1 million. Gentile Aff., ¶ 11 & Exh. A.

22. Second, in addition to actual damages, the Plaintiff is seeking punitive damages for the putative class on its Fraudulent Inducement claim (*see, e.g.,* Compliant, ¶ 72). Punitive damages are also available to the Plaintiff under the Illinois Consumer Fraud and Deceptive Practices Act. While KLI disputes that punitive damages would be called for in this instance, where available under a statutory cause of action, as is the case here, such damages are included

in the amount in controversy when determining the jurisdictional amount under the CAFA. *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011). An award of punitive damages could potentially result in a multiplier of three-times or even higher being applied to Plaintiff's damage award. *See, e.g., Keeling v. Esurance Ins. Co.,* 660 F.3d 273, 275 (7th Cir. 2011) (noting that courts in Illinois have affirmed awards for fraud or violations of the Consumer Fraud and Deceptive Business Practices Act that reflect multipliers of even five or higher) (citing *Gehrett v. Chrysler Corp.,* 379 Ill. App. 3d 162, 882 N.E.2d 1102 (2008) (multiplier of seven); *Bates v. William Chevrolet/GEO, Inc.,* 337 Ill. App. 3d 151, 785 N.E.2d 53 (2003) (same)).

23. Applying a 3:1 ratio for punitive damages swells the amount in controversy to approximately $6.3 million – well over the $5,000,000 required by the CAFA. Thus, the alleged potential for punitive damages places the amount above the CAFA's jurisdictional threshold.

## IV. NONE OF THE CAFA JURISDICTIONAL EXEMPTIONS APPLY

24. Additionally, since KLI is not an Illinois citizen for diversity purposes, none of the CAFA jurisdictional exemptions applies.

## V. CONCLUSION

25. For all the foregoing reasons, Defendant KLI respectfully submits that this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), as amended by the CAFA, and

requests that this Court assume full jurisdiction over this action as provided by law.

Dated:  February 26, 2014                          Respectfully submitted by:


      /s/ Lisa M. Lilly
One of the Attorneys for
Defendant Kaspersky Lab, Inc.

Lisa M. Lilly (ARDC No. 6272614)
LISA M. LILLY, LLC
20 S. Clark Street, Suite 410
Chicago, IL 60603
312.781.2100

OF COUNSEL:

David Wynn
Michael Fainberg
Eric Roman
ARENT FOX LLP
1675 Broadway
New York, NY 10019
Tel. 212.484.3900

## **CERTIFICATE OF SERVICE**

I, Lisa M. Lilly, hereby certify that on February 26, 2014, I electronically filed the

foregoing paper with the Clerk of the Court using the ECF system and that I will cause a copy to

be served upon:

> Rafey S. Balabanian
> Benjamin H. Richman
> Courney Booth
> Kamber Edelson LLC
> 350 N LaSalle, Suite 1300
> Chicago, Illinois 60654

by depositing same in the United States Mail at Chicago, Illinois with proper first class postage

prepaid this 26th day of February, 2014.

/s/ Lisa M. Lilly