IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA MACHOWICZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>KASPERSKY LAB, INC.,<br><br>    Defendant. | Case No. 1:14-cv-1394<br><br>Hon. James F. Holderman |

**KASPERSKY LAB INC.'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

Defendant Kaspersky Lab, Inc. ("Kaspersky") respectfully moves for an order dismissing this action in its entirety for failure to state a claim on which relief can be granted.

Plaintiff Barbara Machowicz ("Plaintiff" or "Machowicz") asserts a claim under both the "deception" and "unfairness" prongs of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"). Plaintiff also asserts claims of fraudulent inducement and unjust enrichment under Illinois common law.

Plaintiff's claims for fraudulent inducement, deception under the ICFA, and unjust enrichment are all based on same allegation of fraud: that Kaspersky's free "Security Scan" software ("KSS") was purposely designed to fraudulently report various standard operating system and program settings as security risks in order to frighten unsophisticated users into purchasing unneeded security software from Kaspersky. Each of those three claims is therefore subject to the enhanced pleading requirements of Fed. R. Civ. P. 9(b), which requires Plaintiff to identify with particularity the specific misrepresentation that Kaspersky's KSS software is

alleged to have made, and explain exactly how or why that alleged representation was false or deceptive and that it caused the Plaintiff's injury.

Plaintiff's allegations of fraud, however, fail to meet Rule 9(b)'s heightened pleading requirements. The Complaint does not allege what security risks KSS reported as existing on Plaintiff's computer. Consequently, the Complaint also fails to explain how the KSS report regarding Plaintiff's computer was false, or that a false statement by Kaspersky was the proximate cause of Plaintiff's purchase of the allegedly unneeded software. For these reasons, Plaintiff's claims for fraud and under the "deception" prong under the ICFA must be dismissed. Moreover, as Plaintiff's unjust enrichment claim is explicitly tied to Plaintiff's fraud allegations, that claim fails for the same reasons.

In addition, Plaintiff's claim under the ICFA's "unfairness" prong must also be dismissed for failure to plead the requisite elements. There is no allegation in the Complaint whatsoever that Kaspersky's KSS software (1) violated public policy; (2) was unethical, oppressive or unscrupulous; (3) caused Plaintiff substantial injury; or (4) gave Plaintiff "no alternative but to pay" for Kaspersky's software.

For all these reasons, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). In support of this Motion, Kaspersky has contemporaneously filed a Memorandum of Law, which is fully incorporated by reference.

WHEREFORE, Defendant Kaspersky respectfully requests that this Court enter an Order dismissing the Complaint in its entirety.

Dated: April 18, 2014

Respectfully submitted by:

   /s/ Lisa M. Lilly

Lisa M. Lilly (ARDC No. 6272614)
LISA M. LILLY, LLC
lml@lisamlillylaw.com
20 S. Clark Street, Suite 410
Chicago, IL 60603
312.781.2100

David Wynn
david.wynn@arentfox.com
Eric Roman
eric.roman@arentfox.com
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484.3900
(212) 484.3990

*Attorneys For Defendant Kaspersky Lab, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                                /s/ Lisa M. Lilly